Filed 8/27/21  P. v. Dearing CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHAWN BRIAN DEARING,<br><br>Defendant and Appellant. | C092010<br><br>(Super. Ct. No. 19CF06518) |

On February 26, 2020, defendant Shawn Brian Dearing pleaded no contest to reckless evading a police officer.  (Veh. Code, § 2800.2, subd. (a).)

On May 13, 2020, consistent with the terms of his plea agreement, the trial court sentenced defendant to three years in state prison, awarded him 441 days of custody credit, and ordered him to pay "the mandatory fines and fees."  Those fees included a $300 restitution fine (Pen. Code, § 1202.4), a $300 parole revocation fine (suspended) (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).  On July 21, 2020, appellate counsel

1

filed a letter pursuant to Penal Code section 1237.2 requesting that the trial court stay the fines and fees pending an ability to pay hearing. The trial court denied the request on July 30, 2020, noting that this court has "consistently rejected" *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

Invoking *Dueñas, supra*, 30 Cal.App.5th 1157, defendant argues the trial court violated constitutional principles by imposing costs despite finding an inability to pay, and without holding a hearing to determine defendant's ability to pay. He argues the fees imposed should be stayed unless and until the prosecution proves he has the present ability to pay those costs.

The People argue defendant has forfeited this argument on appeal, because he did not object to the trial court's imposition of costs. Defendant attempts to circumvent forfeiture by arguing trial counsel was ineffective for failing to raise the issue in the trial court.

We need not resolve the questions of forfeiture and effective assistance of counsel, because we conclude this claim lacks merit.

Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and fees. We are not persuaded this analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373, but not restitution fines under Penal Code section 1202.4. (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and fees at issue in *Dueñas* and in this proceeding. (*People v. Cota*

(2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Nor do we find merit in defendant's Eighth Amendment claim that the fines and fees imposed were grossly disproportional to reckless evading a police officer or defendant's culpability in that offense. (*People v. Aviles, supra*, 39 Cal.App.5th at pp. 1069-1072) Or his claim that equal protection was violated. (*Id*. at pp. 1068-1069 [" '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude,' " italics omitted].)

## DISPOSITION

The judgment is affirmed.

/s/
RAYE, P. J.

I concur:


/s/
MURRAY, J.

MAURO, J., Dissenting.

I dissent.  In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held it is improper to impose certain fines or assessments without determining defendant's ability to pay.  (*Id.* at pp. 1168, 1172.)  Although some courts have subsequently criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), *Dueñas* remains citable precedent.  Until the California Supreme Court has had an opportunity to resolve the current split in authority, I believe it is appropriate in certain cases to remand the matter to give the trial court an opportunity to consider defendant's ability to pay.

Here, because the trial court denied defendant's request to stay the fines and assessments pending an ability to pay hearing, I would remand the matter and direct the trial court to assess defendant's ability to pay the imposed fines and assessments.


　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　MAURO, J.

1